# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KEVIN J. LISLE,

        Plaintiff,                         3:10-cv-00064-LRH-VPC

vs.

                                           **ORDER**

E.K. McDANIEL, *et al.*,

        Defendants.

This is a *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. On November 18, 2010, this Court issued a screening order, dismissing some claims and defendants, and allowing others to proceed. (Docket #14). The Court now addresses two motions filed by plaintiff.

**I. Motion Adding Individual Capacity (Docket #13)**

Mere days before the issuance of this Court's screening order, plaintiff filed a "motion adding individual capacity." (Docket #13). In his motion, plaintiff explains that in the amended complaint, he inadvertently forgot to indicate that he is suing defendants in their individual capacities. Plaintiff seeks to add this designation to the amended complaint. Plaintiff's motion is granted, as to those defendants that were not dismissed from this action. Specifically, the motion is granted as to defendants McDaniel, Neven, Donat, Zoe Waggener, Hebert, Drain, Endel, Kerr, Seaton, Brooks, Baker, Peltzer, Cox, Chambliss, Darren Waggener, Remington, and Oxborrow on the due process claim regarding plaintiff's continued High Risk Potential (HRP) classification and his indeterminate confinement in the Condemned Men's Unit (CMU). The motion is also granted as to defendant Darren Waggener on Eighth Amendment excessive force claim. Claims against these

defendants will proceed with defendants being sued in their individual capacities.

**II.  Motion for Reconsideration (Docket #17)**

Following issuance of the screening order, plaintiff filed a motion for reconsideration on December 3, 2010.  (Docket #17).  Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."  *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).  Federal courts have determined that there are four grounds for granting a Rule 59(e) motion:  (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party

presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, the Court conducted a thorough and complete review of the amended complaint in the screening order filed November 18, 2010. (Docket #14). In plaintiff's motion for reconsideration, he has not identified any intervening change in controlling law. Plaintiff has not shown that manifest injustice will result from the Court's decisions made in the screening order. Plaintiff has not presented newly discovered evidence or previously unavailable evidence. Rather, plaintiff urges the same arguments as he alleged in the amended complaint. These arguments and allegations were previously considered by this Court. Plaintiff has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to support his motion for reconsideration.

**III. Conclusion**

**IT IS THEREFORE ORDERED** that plaintiff's motion adding individual capacity (Docket #13) is **GRANTED.** Defendants McDaniel, Neven, Donat, Zoe Waggener, Hebert, Drain, Endel, Kerr, Seaton, Brooks, Baker, Peltzer, Cox, Chambliss, Darren Waggener, Remington, and Oxborrow are sued in their individual capacities on the due process claim based plaintiff's continued High Risk Potential (HRP) classification and his indeterminate confinement in the Condemned Men's Unit (CMU). Additionally, defendant Darren Waggener is sued in his individual capacity on Eighth Amendment excessive force claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for reconsideration (Docket #17) of the screening order is **DENIED.**

Dated this 16th day of December, 2010.

LARRY R. HICKS
UNITED STATES DISTRICT JUDGE