|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

KEVIN J. LISLE,  )
                 )
    Plaintiff,   )    3:10-cv-00064-LRH-VPC
                 )
v.               )
                 )    O R D E R
E.K. MCDANIEL; *et al.*,  )
                 )
    Defendants.  )
_____)

Before this Court is the Report and Recommendation of U.S. Magistrate Judge Valerie P. Cooke (#119[1]) entered on July 5, 2012, recommending denying in part and granting in part Defendants' Motion for Summary Judgment (#95) filed on March 30, 2012. Plaintiff filed his Object[ions] to Magistrate Report (#120) on July 18, 2012. Defendants have not filed a response to Plaintiff's objections. This action was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 1B 1-4 of the Rules of Practice of the United States District Court for the District of Nevada.

Also before the court is Plaintiff's Motion to Stay and Abeyance (#121), Defendants' Opposition (#122), Plaintiff's Motion for Extraordinary Circumstances to Include Material Removed by Ely State Prison Officials from Plaintiff's Opposition to Defendants' Motion for Summary

---

[1] Refers to court's docket number.

Judgment (#123), Defendants' Opposition (#124) and Plaintiff's Reply (#125).

The Court has conducted its *de novo* review in this case, has fully considered the objections of the Plaintiff, the pleadings and memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636 (b) (1) (B) and Local Rule IB 3-2. The Court determines that the Magistrate Judge's Report and Recommendation (#119) entered on July 5, 2012, should be adopted and accepted.

The court has also entertained Plaintiff's Motion to Stay and Abeyance (#121) and Plaintiff's Motion for Extraordinary Circumstances to Include Material Removed by Ely State Prison Officials from Plaintiff's Opposition to Defendants' Motion for Summary Judgment (#123). The court has considered all materials claimed by Plaintiff to have been removed from his opposition to Defendants' Motion for Summary Judgment. The court finds that there is no evidence that any material was intentionally removed and had the material been included, that the court does and would have reached the same conclusion as reflected in this order. For those reasons, Plaintiff's motions ##121 and 123 will be denied as moot.

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#119) entered on July 5, 2012, is adopted and accepted, and Defendants' Motion for Summary Judgment (#95) is GRANTED in part and DENIED in part as follows:

1. Defendants' Motion for Summary Judgment on Plaintiff's due process claim related to his housing in the CMU is GRANTED;
2. Defendants' Motion for Summary Judgment on Plaintiff's due process claims related to his HRP status is DENIED; and
3. Defendants' Motion for Summary Judgment on Plaintiff's excessive force claim against Defendant Waggener is GRANTED.

IT IS FURTHER ORDERED that all claims against Defendants in their official capacities are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment based on qualified immunity is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion to Stay and Abeyance (#121) and Plaintiff's related Motion for Extraordinary Circumstances to Include Material Removed by Ely State Prison Officials from Plaintiff's Opposition to Defendants' Motion for Summary Judgment (#123) are hereby DENIED as moot.

The court further notes in denying Defendants' Motion for Summary Judgment on Plaintiff's Due Process claims related to his HRP status has been denied based upon failings by counsel to fully respond and present evidence in support of Defendants' motion, that the court will allow Defendants forty-five (45) days in which to file a supplementary motion for summary judgment which shall fully respond to all issues identified by the Magistrate Judge in her Report and Recommendation (#119) and to properly support such matters with competent affidavits and exhibits as may be appropriate. Plaintiff shall have thirty (30) days to respond and the Defendants shall have fifteen (15) days to reply to any response by Plaintiff.

In allowing the supplementary motion for summary judgment, the court agrees completely with the Magistrate Judge's concerns relative to the deficiencies in the Defendants' motion; however, the court is of the view that the paramount interest is to have these matters fully and fairly addressed prior to trial.

IT IS SO ORDERED.

DATED this 30th day of November, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE