UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| KEVIN J. LISLE, | ) | |
| | ) | 3:10-cv-00064-LRH-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF U.S. MAGISTRATE JUDGE** |
| E.K. MCDANIEL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | July 8, 2013 |
| | ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's motion for a preliminary injunction (#132).[1] Defendants opposed (#133). Plaintiff did not reply. The court has thoroughly reviewed the record and recommends that plaintiff's motion for a preliminary injunction (#132) be denied.

**I. HISTORY & PROCEDURAL BACKGROUND**

Plaintiff Kevin J. Lisle ("plaintiff"), a *pro se* inmate, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#9). Plaintiff brought his first amended civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that prison officials violated his First, Eighth and Fourteenth Amendment rights. *Id.* Specifically, plaintiff alleged that he was denied due process because he has been classified as a High Risk Potential ("HRP") inmate since 1996 (#9, pp. 9-10). Plaintiff claims that he is in "solitary confinement," and he has many more restrictions placed on him than other inmates in the general Condemned Men's

---

[1] Refers to the court's docket numbers.

-1-

Unit ("CMU") population. *Id.* at 10-14. Plaintiff further claims that he has not been afforded fair hearings and that prison officials have relied on faulty information when reviewing his HRP status. *Id.* at 13-24.

The court screened the complaint pursuant to 28 U.S.C. § 1915A, and allowed the following claims to proceed: (1) Eighth Amendment excessive force claim against defendant Darren Waggener; and (2) Fourteenth Amendment due process claims against defendants McDaniel, Neven, Donat, Zoe Waggener, Hebert, Drain, Endel, Kerr, Seaton, Brooks, Baker, Peltzer, Cox, Chambliss, Darren Waggener, Remington and Oxborrow (#14, p. 9).[2]

On July 5, 2012, this court recommended that defendants' motion for summary judgment (#95) be granted as to plaintiff's Eighth Amendment excessive force claim and plaintiff's Fourteenth Amendment due process claim related to his incarceration in the CMU (#119, pp. 14-15).[3] However, this court recommended that defendants' motion for summary judgment be denied as to plaintiff's Fourteenth Amendment due process claim related to his HRP classification. *Id.* On November 30, 2012, the district judge adopted this court's recommendation, and granted defendants leave to file a supplementary motion for summary judgment on plaintiff's Fourteenth Amendment due process claim related to his HRP classification (#126, p. 3).

Thereafter, defendants filed a supplementary motion for summary judgment (#127). On June 11, 2013, this court recommended that defendants' supplementary motion for summary judgment (#127) be granted as to plaintiff's remaining Fourteenth Amendment due process claim related to his HRP classification (#136).

---

[2] On June 1, 2011, the court noted that the screening order incorrectly identified Russell Hebert and Rick Remington as defendants in this action (#44).
[3] This court also recommended that all claims against defendants in their official capacities be dismissed (#119, p. 15).

-2-

Prior to the court's recommendation, on January 30, 2013, plaintiff filed a motion for a preliminary injunction (#132). In this motion, plaintiff alleges that defendants transferred him to a cell next to a psychotic inmate, who excessively bangs on the steel fixtures adjoining their two cells. *Id.* at 3. Plaintiff contends that his neighbor's incessant banging prevents him from sleeping, and has exacerbated his medical condition by causing him to suffer panic attacks and elevated blood pressure. *Id.* Plaintiff also alleges that defendants often turn off the heat on the weekends, and that he has inadequate clothing and bedding to keep warm. *Id.* Plaintiff further alleges that defendants "knocked out the cable to the T.V.," and that a non-defendant correctional officer told plaintiff's psychotic neighbor that plaintiff had "snitched" on him, which increases plaintiff's risk of being attacked by other prisoners. *Id.* at 3-4. Finally, plaintiff alleges that one of his money transfers was delayed by ESP's accounting team. *Id.* at 4.

Defendants oppose plaintiff's motion for a preliminary injunction on the grounds that: (1) plaintiff has not established a relationship between the alleged injuries for which he seeks injunctive relief and the conduct alleged in his first amended complaint; (2) plaintiff cannot circumvent NDOC's grievance process to seek judicial relief from events that are not part of plaintiff's claims in the underlying lawsuit; (3) plaintiff is not likely to suffer irreparable harm if his requested injunctive relief is denied; (4) granting injunctive relief would significantly interfere with NDOC's internal operations; and (5) an injunction is not in the public's interest (#133, pp. 3-4).

The court notes that plaintiff is proceeding *pro se*. "In civil cases where the plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  DISCUSSION & ANALYSIS

**A. Legal Standards**

    **1.     Preliminary Injunction**

A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as of right. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Its sole purpose is to preserve the status quo ante litem (the status that existed before the lawsuit) pending a determination of the case on the merits. *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009); 11A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 2947 (2d ed. 1995) ("[A] preliminary injunction . . . is issued to protect the plaintiff from irreparable injury and to preserve the court's power to render a meaningful decision after a trial on the merits."). A plaintiff seeking a preliminary injunction must show: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted); *Am. Trucking Ass'ns, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citation omitted).

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[when] a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo *pendente lite*, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir.

1984).  Thus, an award of mandatory preliminary relief should not be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result.  *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979).  "[I]n doubtful cases" a mandatory injunction will not issue.  *Id.*

Finally, the Prison Litigation Reform Act ("PLRA") mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm.  The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2).  Thus, section 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates.  *Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000).  "Section 3626(a) . . . operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum."  *Id.* at 999.

**B.     Analysis**

The court finds that plaintiff seeks to enjoin conduct which is unrelated to his underlying lawsuit.  The Supreme Court has found that a preliminary injunction is appropriate to grant relief of the "same character as that which may be granted finally."  *De Beers Consol. Mines v. U.S.*, 325 U.S. 212, 220 (1945).  A court may not issue an injunction in "a matter lying wholly outside the issues in the suit."  *Id.*  Although the Ninth Circuit has not addressed this issue directly, other circuits have repeatedly held that a plaintiff seeking injunctive relief must show "a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."  *Devose v.*

*Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010) (no preliminary injunction where motion for relief was based on facts and circumstances entirely different from initial claim); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (same).

Courts use injunctive relief to address issues related to the underlying violations presented in the complaint. At the time plaintiff filed his motion for a preliminary injunction, the only issue remaining in this lawsuit was whether defendants violated plaintiff's Fourteenth Amendment due process rights related to his HRP classification (#126, p. 3). In plaintiff's first amended complaint, he alleged that he had been classified as an HRP inmate since 1996; he had many more restrictions placed upon him than other inmates in the general CMU population; he was not afforded fair classification hearings; and the classification committee had relied on false information when reviewing his HRP status (#9, pp. 13-24). However, in plaintiff's motion for a preliminary injunction, plaintiff attempts to advance a First Amendment retaliation claim. Plaintiff alleges that defendants transferred him to a different cell next to a psychopath, refused to turn on the heat on the weekends, broke his cable television, and delayed in processing a brass slip—all in retaliation for plaintiff's protected First Amendment activity (#132, pp. 3-4).

The court finds that the factual allegations in plaintiff's motion for a preliminary injunction are unrelated to the factual allegations in plaintiff's first amended complaint. Plaintiff makes no showing that the prison officials' decision to transfer him to a cell located next to an unruly inmate is in any way connected to his continued HRP classification, his HRP classification hearings or the underlying information used to justify his HRP status. Plaintiff also makes no attempt to illustrate how a cold cell, broken cable television, or an accounting delay is in any way related to his

Fourteenth Amendment due process claim. New, unrelated complaints are properly lodged using the prison grievance system, and if they remain unresolved, by filing a new action.

The court does not have jurisdiction to decide plaintiff's motion for a preliminary injunction, as plaintiff requests relief from conduct which is unrelated to the present lawsuit. Due to this procedural deficiency, the court will not undertake a full analysis of plaintiff's request for injunctive relief. However, to the extent that any of plaintiff's allegations may be related to his underlying complaint, the court finds that plaintiff cannot meet the standard for injunctive relief, as plaintiff is not likely to succeed on the merits of his remaining Fourteenth Amendment due process claim.

On June 11, 2013, the court recommended that defendants' supplementary motion for summary judgment (#127) be granted, as there were no genuine issues of material fact for trial (#136). Accordingly, the court recommends that plaintiff's motion for a preliminary injunction (#132) be denied.

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that the allegations in plaintiff's motion for a preliminary injunction (#132) are unrelated to the allegations in plaintiff's first amended complaint (#9). Further, the court concludes that plaintiff cannot demonstrate that he is likely to succeed on the merits of his Fourteenth Amendment due process claim related to his HRP classification. Therefore, the court recommends that plaintiff's motion for a preliminary injunction (#132) be **DENIED**. The parties are advised:

1.  Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and

Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2.   This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### IV.   RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that plaintiff's motion for a preliminary injunction (#132) be **DENIED**.

**DATED:** July 8, 2013.

_____
**UNITED STATES MAGISTRATE JUDGE**